IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIESHA BOONE,

      Plaintiff,

  v.                                     Civil Action 2:19-cv-5062
                                         Judge Sarah D. Morrison
                                         Magistrate Judge Jolson

OHIOHEALTH CORPORATION,

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on the July 17, 2021, Order to Show Cause. (Doc. 24). For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

**I.    BACKGROUND**

Plaintiff, a former employee of Defendant OhioHealth Corp., filed the instant lawsuit on November 19, 2019, alleging disability discrimination under both state and federal law, as well as retaliation in violation of the Family Medical Leave Act ("FMLA"). (*See generally* Doc. 1). Plaintiff alleges that although she "was still able to perform the essential functions of her job . . . without accommodations" she was terminated. (*Id*. at ¶¶ 24, 56). The stated reason for Plaintiff's termination was that she was "not following company policy" following an altercation with another employee while at work. (*Id*. at ¶¶ 32, 56). Plaintiff argues that this reason was pretextual, and she was actually terminated "due to her disability" and "in retaliation for utilizing FMLA [leave]." (*Id*. at ¶¶ 58–62). Plaintiff's Complaint seeks both monetary and declaratory relief. (*Id*. at ¶ 9).

Defendant filed its Answer and Affirmative Defenses on January 7, 2020, denying the allegations in the Complaint. (*See generally* Doc. 7). Thereafter, the Court held a preliminary pretrial conference and issued a scheduling order. (Doc. 10). Relevant here, the parties agreed that any dispositive motions would be filed by January 15, 2021. (*Id*.). That deadline was subsequently amended to February 26, 2021 (Doc. 17), and Defendant moved for summary judgment on that date (Doc. 18). In so moving, Defendant argues that Plaintiff's claims are "baseless" and that it terminated her employment "for a legitimate, non-discriminatory reason[.]" (*Id*. at 1). Shortly thereafter, the Court granted Plaintiff an extension of time to respond to Defendant's Motion. (Doc. 19).

Before responding to Defendant's Motion, however, Plaintiff's counsel filed a Motion to Withdraw. (Doc. 21). The Court granted the Motion and stayed briefing on Defendant's Summary Judgment Motion for twenty-one days while Plaintiff obtained new counsel. (Doc. 22). The time for Plaintiff to obtain new counsel passed, and the Court lifted the stay on briefing and ordered Plaintiff to respond to Defendant's Motion within twenty-one days. (Doc. 23). That deadline passed, and Plaintiff again failed to respond to Defendant's Motion. So, the Court issued a Show Cause Order, directing Plaintiff to respond to Defendant's Motion or otherwise show cause why her case should not be dismissed pursuant to Rule 41 for failure to prosecute. (Doc. 24). As of the date of this Order, Plaintiff has not responded to the Court's Order, and the time for doing so has passed.

**II.    STANDARD**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also*

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.  DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded well over five months to respond Defendant's Motion for Summary Judgment, Plaintiff has failed to do so. (*See* Docs. 20, 22, 23). Furthermore, Plaintiff failed to respond to the Court's Show Cause Order. (*See* Doc. 24). The absence of any communication from Plaintiff to the Court or Defendant in the last months clearly indicates that Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting

3

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, Defendant has waited close to six months since filing its Summary Judgment Motion for Plaintiff's response, and this case has been unable to progress as a result.

Finally, the third and fourth factors also weigh in favor of dismissal. The Court warned Plaintiff in its Show Cause Order that failure to comply with the order would result in an order that this case be dismissed. (Doc. 24). Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction, and Defendant has suffered clear prejudice because of her conduct. Because lesser sanctions would be futile, dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

### IV. CONCLUSION

For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: August 27, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

5